## WEAVER B. AUSTIN *vs.* SAMUEL A. SHAW & another.

If a mortgage is executed to certain persons described as trustees of an association, which is not a corporation, the legal title under the mortgage vests in those persons, and an assignment of the mortgage by the association, or by only one of the mortgagees, is invalid, and will not enable the person named as assignee to foreclose the mortgage.

If the assignee under an invalid assignment of a mortgage has attempted to foreclose the same, the entry and possession of the administrators of his estate after his death, claiming under his title, will not operate as a disseisin of the mortgagor.

BILL IN EQUITY to redeem land from a mortgage.

It appeared that in December 1851 Eleazer Ripley mortgaged a lot of land in Springfield to M. B. Dean, William Patton, G. C. Wood and H. B. Judkins, as officers of the Mechanics' Union Association of Springfield, which was a voluntary association, to secure a note payable to them as officers of said association. In September 1852, an instrument was executed by which the Mechanics' Union Association, by William Patton, chairman of their finance committee, granted and assigned the mortgage, land and debt to Solomon Shaw. Ripley's estate in the premises was conveyed to David Warner in 1854. In March 1853 Shaw made an entry upon the premises for breach of condition, and a certificate thereof was duly recorded. Shaw died in January 1863, and the defendants, as administrators of his estate, took possession of the premises in February of that year, and have since received the rents and profits thereof. David Warner conveyed his interest in the premises to the plaintiff in 1864, and testified that the object of the conveyance was that

he might be a witness. The plaintiff, before bringing the bill, offered to pay to the defendants the amount due on the mortgage.

The case was reserved by *Gray*, J. for the determination of the whole court.

*A. L. Soule*, for the plaintiff.

*H. Morris*, for the defendants. Warner's attempt to make himself a witness was in fraud of Gen. Sts. *c.* 131, § 14, and on that account he could not be a competent witness, and his deed conveyed no title to the plaintiff. His deed was likewise invalid for the reason that he was disseised at the time of making it. *Loud* v. *Darling*, 7 Allen, 205. The mortgage was foreclosed.

BIGELOW, C. J. There was clearly no foreclosure of the mortgage from Ripley to Dean and others. The legal title to the premises under the mortgage was vested in the persons described as trustees of the Mechanics' Union Association of Springfield, who alone had power to make a valid assignment of the mortgage by which the title could pass to an assignee. No such assignment was made to the defendants' intestate. The society could not convey any title, because they were only *cestuis que trust;* nor could the assignment of one of the original mortgagees be effectual as a conveyance, for the reason that if the mortgagors held the estate as trustees for a voluntary association, their title was joint, and all must join in a conveyance in order to make a valid grant of the estate. *Webster* v. *Vandeventer*, 6 Gray, 428. *Chapin* v. *First Universalist Soc. in Chicopee*, 8 Gray, 580. *Peabody* v. *Eastern Methodist Soc. in Lynn*, 5 Allen, 540. The defendants' intestate was not, therefore, entitled to enter as mortgagee for the purpose of foreclosure, inasmuch as he had an assignment only from the society, which could pass no title to him.

The taking of the rents of the estate by the defendants in their capacity as administrators did not under the circumstances operate to work a disseisin of the owner of the equity of redemption. They did not claim to hold the estate except by virtue of the right or interest which belonged to their intestate as mortgagee at the time of his decease. Indeed, as administrators on his estate, claiming to hold the premises by

virtue of their office, they could have no interest therein, if foreclosure had taken place prior to his decease. Their entry and possession must therefore be regarded only as a claim to hold a mortgage interest in the estate, such as was vested in their intestate at his decease, and not an adverse, exclusive possession, in denial of the right of the owner of the equity. The deed to the plaintiff therefore passed a good title, under which he can maintain this bill. *Decree for the plaintiff.*